```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

| | |
|---|---|
| BETTY ADAMS, | |
| Plaintiff, | NO. 1:04-CV-00670 |
| | **OPINION AND ORDER** |
| v. | |
| BWAY CORPORATION, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 15), Plaintiff's Memorandum in Opposition to Defendant's Motion (doc. 21), and Defendant's Reply Memorandum in Further Support of its Motion (doc. 22).  For the reasons stated herein, the Court GRANTS Defendant's motion.

**I. Background**

The facts of this case, as taken from the pleadings and motion, are as follows. Plaintiff was employed by Defendant from July 1, 1996 to July 27, 2001, when she voluntarily quit to take another job (doc. 15).  In December 2002, Plaintiff was re-employed by Defendant in another position as an inside sales representative (doc. 21).  At the time of her re-employment, Plaintiff was forty-eight years old (doc. 15).  On June 6, 2003, Plaintiff's husband died (Id.).  Plaintiff was on paid leave for ten days, returned on June 19, 2003 for a half work day, and then was off work again

until June 30, 2003 (doc. 21).  On July 23, 2003, Plaintiff presented Tracy Koehnke, her supervisor at BWAY, with a doctor's note stating that Plaintiff could not work from July 23, 2003, until September 2, 2003 (Id.).  Ms. Koehnke discussed the situation with Joseph Frabotta, the Director of Human Resources at BWAY (Id.).  As a result of the conversation between Ms. Koehnke and Mr. Frabotta, Ms. Koehnke called Plaintiff to tell her that if she was unable to return to work, she would be terminated (Id.).  Plaintiff told Ms. Koehnke that she would speak with her counselor about returning to work, and the next day Plaintiff informed Ms. Koehnke that she would be unable to come back at that time (doc. 21). Thereafter, BWAY terminated Plaintiff's employment.  In August 2003, Ms. Koehnke offered Plaintiff's position to Heather Broadwell, who was thirty-eight years old at the time (Id.).

Plaintiff initiated this matter on September 27, 2004, alleging (1) her termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and (2) her termination violated the public policy against age discrimination (doc. 1). Plaintiff subsequently dismissed her public policy claim (doc. 21). On June 2, 2006, Defendant filed the instant motion for summary judgment claiming that (1) Plaintiff could not establish a prima facie case because she was not qualified for the position at BWAY, and (2) even if Plaintiff could establish a prima facie case, she could not establish that Defendant's reason for terminating

-2-

Plaintiff's employment (Plaintiff's failure to return to work after July 23, 2003) was a pretext for age discrimination (doc. 15).

To the contrary, Plaintiff claims that she can establish a prima facie case, arguing that she was, in fact, qualified for position she held (doc. 21). Plaintiff further claims that inconsistencies in Defendant's proffered reason for Plaintiff's termination, the insufficiency of this reason, and evidence of prior discrimination could allow a jury to find pretext (Id.).

**II. Applicable Legal Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty

-3-

Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of

-4-

the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion

for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Analysis**

Plaintiff brings her claim pursuant to the ADEA, which prohibits an employer from discharging employees over forty on the basis of their age. 29 U.S.C. § 623(a). An employee may establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination. Kline v. Tenn. Valley Auth., 128 F.3d 337, 348 (6th Cir. 1997). Plaintiff offers no direct evidence of age discrimination. Accordingly, evaluation of Plaintiff's

claim proceeds under the traditional "burden-shifting" analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In order to establish her prima facie case for this claim, Plaintiff must advance some evidence that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was otherwise qualified for the position at issue; and (4) she was replaced by a substantially younger person. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996); Bush v. Dictaphone Corp., 161 F.3d 363, 368 (6th Cir. 1998). Only if Plaintiff succeeds in doing so is Defendant obligated "to articulate some legitimate, nondiscriminatory reason" for her termination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

Defendant maintains that Plaintiff cannot prove a prima facie case of age discrimination because she cannot establish that she was qualified for the position with BWAY. Defendant cites Leicht v. Hawaiian Airlines, Inc. in support of Defendant's contention that Plaintiff's inability to report to work when requested rendered her not qualified for the position. 77 F. Supp. 2d 1134 (D. Hawaii 1999) rev'd on other grounds, 15 Fed. Appx. 552 (9th Cir. 2001). In opposition, Plaintiff argues that she need only demonstrate that she was objectively qualified for the position (doc. 21 (citing Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 574-76 (6th Cir. 2003)). Plaintiff contends that her

qualifications must be analyzed independently from Defendant's non-discriminatory reason for termination, and that the inquiry should focus on Plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills(Id. (citing Wexler, 317 F.3d at 574).

The Court agrees with Plaintiff that the standard for determining whether she can establish a prima facie case for age discrimination is to evaluate Plaintiff's objective qualifications for the position from which she was terminated. Wexler, 317, F.3d at 574. However, the inquiry is not whether Plaintiff was qualified when she was hired; it is assumed that Defendant believed her to be, or they would not have given her the job. Instead, the question is whether Plaintiff possessed the requisite qualifications at the time she was terminated.

It is undisputed that Plaintiff told Ms. Koehnke that she could not work from July 23, 2003 until September 2, 2003 (docs. 15, 21). It is also undisputed that Ms. Koehnke informed Plaintiff that if she did not return to work, she would be terminated, but that if Plaintiff did return, she would not be terminated (Id.). Finally, it is clear that Plaintiff did not return to work and was subsequently terminated (Id.).

From these facts, it is clear that Plaintiff was not qualified for the position she held with Defendant at the time she was terminated. The Court finds applicable the statement of the

district court in Leicht, which found, when the plaintiff in that case could not work because of a medical condition, that "[s]he was not performing her job at all, let alone in a satisfactory manner." 77 F. Supp. 2d at 1143.  Attendance is an integral part of any job, and when Plaintiff did not return to work when Ms. Koehnke requested that she do so, she became unqualified for the position.  Even viewing all facts in a light most favorable to Plaintiff, the Court finds that Plaintiff was not qualified for the position she held with Defendant BWAY.

**IV. Conclusion**

Therefore, because Plaintiff cannot prove an essential element of a prima facie case of age discrimination under the ADEA, the Court finds that summary judgment is proper.  For this reason, the Court GRANTS Defendant's Motion for Summary Judgment (doc. 15).

SO ORDERED.

Dated: October 11, 2006             s/S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge